JOHN COON *v.* THE NORTH CAROLINA RAILROAD COMPANY.

The North Carolina Railroad Company is not required under the 26th section of its charter to construct crossings and bridges over their tract except where public roads cross the same, which have been kept up by the public, by the appointment of overseers and hands to work and keep them in repair.

This was an action on the case brought under the old system, and tried before *Cloud, J.,* at Spring Term, 1871, of Rowan Superior Court.

The plaintiff in his declaration alleged that by reason of the negligence of the defendant in failing to repair a certain bridge over their track where it crossed a certain public road, his horse had fallen through, producing a fatal injury, while being driven by him in a wagon across the bridge.

The only facts necessary to a proper understanding of the opinion of the Court, are, that the road which passes over the road bed of the defendant, had never been kept up as a public highway, but that it had been used without interruption by the public as a mill and church road, for twenty-six years, as some of the witnesses testified, whilst according to the testimony of others, it has been used by the public for at least forty years.

The defendant asked the Court to instruct the jury that it was not such a public road, as was recognized in defendant's charter, and therefore, it was not the defendant's duty to keep up bridges and crossings over the same, which instruction his Honor declined giving, but instructed the jury that if said road had been used adversely as a public road for twenty years prior to the injury of plaintiff's horse, then defendant was bound to keep it in good repair, and plaintiff was entitled to recover, provided they were satisfied the injury arose from the negligence of defendant.

*Blackmer & McCorkle,* for plaintiff.
*Bailey* and *Fowle,* for defendant.

BOYDEN, J. The roads which the defendant was bound to make and keep in repair, by the provision in the 26th section of their charter of incorporation, are public highways, recognized as such by the appointment of overseers and hands, to work and keep them in repair, for the use of a whole community, and not neighborhood mill and church roads, which have never been recognized as public highways.

As the point upon which this case was decided in the Court below, was whether the road where the plaintiff's horse was injured, was a public highway in the sense above described, and as we think it was not, we do not feel called on to decide, or to intimate, what remedy the people of the neighborhood, accustomed to travel this road to church and mill, may have against the defendant.

PER CURIAM.                                There is error.